UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                          Case No. 06-51510

HERMAN WILFRED HOFFMAN
and                                                                             Chapter 13
PATRICIA KAY HOFFMAN,
                                                                                Judge Thomas J. Tucker
            Debtors.
_____/

**AMENDED OPINION REGARDING OBJECTION TO CONFIRMATION
BY DAIMLERCHRYSLER FINANCIAL SERVICES LLC**

This case requires the Court to decide the following question raised by the 2005 amendments to the Bankruptcy Code: Does the so-called "hanging paragraph" found at the end of 11 U.S.C. § 1325(a)(9)[1] permit a Chapter 13 debtor to surrender a vehicle to the secured creditor, as part of a Chapter 13 plan, in full satisfaction of the secured creditor's claim, even though both the value of the vehicle and its expected liquidation proceeds are less than the total claim?

This issue came before the Court in hearings on confirmation of the Debtors' proposed plan, held on November 9, 2006 and December 7, 2006. After the first hearing, the Debtors and the secured creditor, DiamlerChrysler Financial Services LLC, filed briefs on the issue. At the second hearing, on December 7, 2006, the Court gave a bench opinion sustaining DaimlerChrysler's objection to confirmation. The Court ruled that the Debtors' surrender of the

---

[1] Unless otherwise noted, citations to the Bankruptcy Code in this opinion are to the Code as amended by the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The post-amendment version of the Code applies to this Chapter 13 case, which was filed on August 23, 2006.

vehicle under 11 U.S.C. § 1325(a)(5)(C) cannot be deemed "in full satisfaction" of their debt to DaimlerChrysler. This written opinion supplements the Court's bench opinion.

The issue here is the subject of a growing number of reported opinions. The courts are divided on the issue, as are two recently-published opinions from this district. In *In re Evans*, 349 B.R. 498 (Bankr. E.D. Mich. 2006), Chief Bankruptcy Judge Rhodes held that a Chapter 13 debtor may surrender a vehicle in full satisfaction of the debt, based on the hanging paragraph. In *In re Particka*, __ B.R., __, 2006 WL 3350198 (Bankr. E.D. Mich. 2006), Bankruptcy Judge Shefferly held that a Chapter 13 debtor may not do so. The opinions in these two cases review in detail the arguments and authorities on this issue, and there is no need to repeat that discussion here. I write to say that I agree with the reasoning and holding of the *Particka* case, and to give my additional reasons for the result.

**A. Background.**

The Debtors in this case own a 2005 Dodge Neon. To purchase the vehicle, they obtained a loan from DaimlerChrysler, which is secured by a security interest in the vehicle. The parties agree that DaimlerChrysler's claim in this case is of the type described in the hanging paragraph. In other words, DaimlerChrysler is what is known as a "910 creditor." The hanging paragraph states:

> For purposes of paragraph (5) [11 U.S.C. § 1325(a)(5)], section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

2

In their Chapter 13 plan, the Debtors proposed to surrender this vehicle to DaimlerChrysler, "in Full Satisfaction of Debt."[2] DaimlerChrysler objected to confirmation, arguing that the plan could not deprive DaimlerChrysler of its right to file an amended proof of claim following surrender and disposition of the vehicle, if, as normally is the case with motor vehicles, that proceeds of sale of the vehicle are insufficient to fully pay DaimlerChrysler's claim.[3]

Debtors argued that the hanging paragraph permits them to surrender the vehicle in full satisfaction of DaimlerChrysler's claim. Their position is supported by a number of reported cases, but there are cases to the contrary as well. The cases are collected and described in the *Evans* and *Particka* cases.

**B. Discussion.**

Initially, it is important to note that the hanging paragraph's language, that Bankruptcy Code § 506 "shall not apply to a claim" of the type at issue in this case, is "[f]or purposes of paragraph (5)." That is, it is solely "for purposes of" § 1325(a)(5) that § 506 "shall not apply" to a 910 claim. Section 1325(a)(5), in turn, sets out one of the numerous requirements that must be met in order to confirm a Chapter 13 plan.[4] *See* 11 U.S.C. § 1325(a)(1) through (a)(9). Section

---

[2] Docket # 12 at p. 3.

[3] In its objection to confirmation and in its brief, DaimlerChrysler argued that its deficiency claim following surrender and disposition of the vehicle must be treated as a <u>secured</u> claim in Debtors' Chapter 13 plan. At the December 7, 2006 hearing, however, DaimlerChrysler amended its position and argued that its deficiency claim should be treated as an unsecured claim.

[4] Section 1325(a)(5) states:

(a) **Except as provided in subsection (b), the court shall confirm a plan if—**

   (5) **with respect to each allowed secured claim provided for by the plan—**

3

1325(a)(5) lists three alternative requirements. If the plan satisfies any one of those alternative requirements, it satisfies the requirements for confirmation of § 1325(a)(5). Under § 1325(a)(5), a plan cannot be confirmed unless one of the following is true "with respect to each allowed secured claim provided for by the plan":

- the holder of the allowed secured claim "has accepted the plan;" or

- if the debtor wishes to retain the vehicle and the secured creditor has not accepted the plan, the requirements in § 1325(a)(5)(B) are met (*e.g.,* the plan provides that the secured creditor retain its lien for a specified period and be paid a certain value in the form of distributions under the plan); or

---

(A) the holder of such claim has accepted the plan;

(B)    (I) the plan provides that

      (I) the holder of such claim retain the lien securing such claim until the earlier of—
      (aa) the payment of the underlying debt determined under nonbankruptcy law; or
      (bb) discharge under section 1328; and

      (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law; and

      (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

      (iii) if—
         (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

         (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; **or**

**(C) the debtor surrenders the property securing such claim to such holder;**

(emphasis added).

4

▪ "the debtor surrenders the property securing such claim to such holder."

If the debtor's plan meets any one of these requirements with respect to a secured claim, then it has met the confirmation requirement of § 1325(a)(5) with respect to that secured claim.

The parties in this case agree that the hanging paragraph means that when a Chapter 13 debtor proposes to <u>retain</u> the vehicle, the debtor may not bifurcate a 910 creditor's claim into a secured portion and an unsecured portion under § 506.[5] In that situation, the debtor must propose distributions to the secured creditor of a "value as of the effective date of the plan," in an amount "not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii). Such a debtor must propose a plan that will pay the 910 creditor's claim in full, because the debtor cannot limit the secured claim that must be paid in full to the value of the vehicle under § 506(a)(1). This is because, in the case of a 910 creditor, the "allowed secured claim," within the meaning of the opening words of § 1325(a)(5), is the full amount of the 910 creditor's claim.

In a case like this one, however, the Debtors choose to surrender the vehicle as the means of satisfying the confirmation requirement of § 1325(a)(5), based on § 1325(a)(5)(C). Nothing in the language of § 1325(a)(5) suggests that surrender of the vehicle <u>satisfies</u> the "allowed secured claim provided for by the plan." Rather, as to surrender, § 1325(a)(5) merely says the following:

---

[5] Section 506(a)(1) states, in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. . . .

11 U.S.C. § 506(a)(1).

5

06-51510-tjt   Doc 39   Filed 12/29/06   Entered 12/29/06 13:52:28   Page 5 of 8

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> . . .
>
> (5) with respect to each allowed secured claim provided for by the plan—
>
> . . .
>
> (C) the debtor surrenders the property securing such claim to such holder;

11 U.S.C. § 1325(a)(5)(C). This provision merely means that if the debtor surrenders the vehicle, the debtor meets the confirmation requirement imposed by § 1325(a)(5). Unambiguously, it means nothing more than this.

This is true whether the secured creditor is a 910 creditor or not. This language in the statute does not say or suggest that the "allowed secured claim," as that phrase is used in the opening line of § 1325(a)(5), is satisfied in full by surrender, when the secured creditor is <u>not</u> a 910 creditor. In that situation, the practical result of surrender may be satisfaction of the <u>secured</u> claim, but that is not because § 1325(a)(5) says so. Rather, it is because once the secured creditor liquidates its collateral and applies the proceeds to the debt, any remaining debt is not secured by any existing collateral. And, viewed in light of § 506(a)(1), the surrender of the creditor's collateral by definition returns to the creditor value in the full amount of the allowed secured claim, *i.e.*, the value of the collateral.

Similarly, when the secured creditor is a 910 creditor, such that the phrase "allowed secured claim" in the opening line of § 1325(a)(5) means the full amount of the 910 creditor's claim, nothing in § 1325(a)(5) says that that "allowed secured claim" is satisfied by the debtor choosing the surrender option in subparagraph (C).

6

Moreover, because the hanging paragraph's provision, that § 506 shall not apply to a 910 claim, is only "for purposes of" § 1325(a)(5), that hanging paragraph provision does not apply for any other purpose, and does not apply for purposes of any other section of the Bankruptcy Code. Thus, the hanging paragraph has no impact on other provisions of the Bankruptcy Code which protect the 910 creditor's right to an unsecured deficiency claim. And § 506 and its bifurcation concept does apply, to the extent it is otherwise relevant, for these other purposes. These other Code provisions include the claim allowance/disallowance provisions of Code § 502(a) and 502(b),[6] § 506 itself, and all of the provisions in Chapter 13 that are normally available for the benefit and protection of unsecured creditors.[7]

---

[6] For example, sections 502(a) and 502(b)(1) state:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that-

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; . . .

[7] For example, if the Chapter 13 plan treated the 910 creditor's unsecured claim in a class separate from other unsecured, non-priority claims, and proposed to pay it less than the other class of unsecured claims, the 910 creditor could object to confirmation on the ground that the plan unfairly discriminates against the 910 creditor's class. See 11 U.S.C. §§ 1322(b)(1) and 1325(a)(1). The 910 creditor could object that the debtors' plan is not proposed in good faith. 11 U.S.C. § 1325(a)(3). If the plan does not meet the liquidation test under § 1325(a)(4), the 910 creditor would have standing to object on that basis, as a holder of an allowed unsecured claim. See 11 U.S.C. § 1325(a)(4). If the plan does not propose to distribute the amount to unsecured creditors that is required by § 1325(b)(1), the 910 creditor could object to the plan on that basis, as "the holder of an allowed unsecured claim." 11 U.S.C. § 1325(b)(1).

These other provisions of the Bankruptcy Code are unaffected by the hanging paragraph, which has no application outside of § 1325(a)(5). In short, whether and to what extent the 910 creditor has an allowed unsecured claim for a deficiency, and its rights as an unsecured creditor, are unaffected by the hanging paragraph and by § 1325(a)(5) when the vehicle is to be surrendered under § 1325(a)(5)(C). Thus, the hanging paragraph does not permit the debtor to force a 910 creditor to accept surrender of its collateral in full satisfaction of the debt.

For these reasons, DaimlerChrysler's objection to confirmation was sustained. The Debtors then requested confirmation of the plan without inclusion of the offending plan provision, and the plan as so modified was confirmed, by separate order.

**For Publication**

**Signed on December 29, 2006**

                                                                   **/s/ Thomas J. Tucker**
                                                                   **Thomas J. Tucker**
                                                                   **United States Bankruptcy Judge**